■ In the Matter of NEW YORK INSTITUTE OF TECHNOLOGY, Respondent, v PAUL TANEN et al., Constituting the Board of Appeals of the Incorporated Village of East Hills, Respondents. (Proceeding No. 1.) In the Matter of BARRY JAFFE et al., Appellants, et al., Petitioners, v PAUL TANEN et al., Constituting the Board of Appeals of the Village of East Hills, Respondents. (Proceeding No. 2.)—In consolidated proceedings pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Village of East Hills granting petitioner New York Institute of Technology's application for an area variance, petitioners Jaffe appeal from stated portions of a judgment of the Supreme Court, Nassau County (Becker, J.), entered March 7, 1984, which, *inter alia,* dismissed their petition.

Judgment affirmed insofar as appealed from, with one bill of costs payable to respondents appearing separately and filing separate briefs.

Respondent New York Institute of Technology (Institute) seeks to build a single-family residence upon a vacant parcel of land measuring 40,000 square feet and with a street frontage of 67.3 feet. The district is zoned for single-family residential use only, but requires a frontage of 110 feet.

The parcel was created as part of a subdivision of 10.6 acres into 21 conforming single-family residential plots and was originally intended to be a storm water recharge basin, or "sump". Subsequently, the village planning board determined that the sump was not necessary. In 1971, with the village's acquiescence, the subdivision's developer reconveyed the property to the Institute for no consideration subject to a covenant that the premises "shall be used only for *single family residential purposes, in accordance with the Building Zone Ordinance of the Village of East Hills, as the same now exists or may hereafter be amended*". It was further provided that the covenant could be modified or rescinded with the village's consent.

In or about 1983, the Institute applied for a variance to construct a single-family residence on the parcel notwithstanding the insufficient frontage. Said application was granted by a resolution of the respondent board of appeals filed on August 17, 1983. Appellants, who are abutting or nearby residents, challenge this determination.

Special Term properly interpreted the deed covenant to merely restrict the use of the property to single-family residential use, in accord with the zoning law and the character of the neighborhood. Accordingly, the board of appeals was not required to obtain the consent of the village board of trustees prior to granting the Institute's application.

We further agree with Special Term's holding that the record contains substantial evidence that the Institute is faced with practical difficulties (*see, Matter of National Merritt v Weist,* 41 NY2d 438). The record does indicate that the Institute took the property with the knowledge that it was nonconforming. However, the fact that a hardship is self-imposed will not prevent the board of appeals from granting a variance in a proper exercise of its discretion (*see, Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309).

The evidence clearly establishes that if the variance is denied, the property will not be useable for any productive purpose and, accordingly, will have no economic value. Although the frontage of the proposed residence will be less than that of the surrounding residences, the property conforms with the zoning requirements in every other respect. Balancing the factors involved, we conclude that the variance will not alter the character of the neighborhood and that its grant should not be overturned. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.