■ In the Matter of FREDERICK M. FREESE et al., Appellants, v DAVID LEVITAN, as Chairman of the Board of Zoning Appeals of the Incorporated Village of Roslyn Harbor, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals, dated June 6, 1984, which, subject to specified conditions of the Incorporated Village of Roslyn Harbor, granted the application of the respondent David Minkin for certain variances, the petitioners appeal from a judgment of the Supreme Court, Nassau County (McCaffrey, J.), dated December 12, 1984, which dismissed the petition.

Judgment affirmed, with one bill of costs to respondents appearing separately and filing separate briefs.

David Minkin sought area variances with respect to a proposed subdivision that had been conditionally approved by the Village Planning Board. To obtain area variances he presented considerable evidence that compliance with the Zoning Ordinance will result in practical difficulties (see, *Matter of Village of Bronxville v Francis*, 1 AD2d 236, 238, *affd* 1 NY2d 839; *Matter of Hoffman v Harris*, 17 NY2d 138, 144; *Dauernheim, Inc. v Town Bd.*, 33 NY2d 468, 471; *Matter of Cowan v Kern*, 41 NY2d 591, 598; *Matter of Consolidated Edison Co. v Hoffman*, 43 NY2d 598, 606). The respondent Board of Zoning Appeals found that "the exceptional topography of the property in question and the irregular configuration of the property ha[ve] created many of the hardships and practical difficulties experienced by the Applicant thereby necessitating the variances sought herein". In dismissing the CPLR article 78 petition of the appellants (adjacent property owners), Special Term concluded that the Board's decision "has a reasonable basis and is supported by substantial evidence". We agree.

The Board granted the variances after a careful review of

the evidence. Its determination was not arbitrary, illegal, or an abuse of discretion and the evidence shows that the decision has a rational basis and is supported by substantial evidence in the record *(see, Matter of Cowan v Kern, supra)*. Although the petitioners contend that Minkin's difficulties were self-created, in that their source was his desire to maximize the number of buildable plots, we find that the record does not sustain that claim. In any event, that factor, in this area variance case, "is one factor that may be considered, but, by itself, is not determinative" *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 315) and "does not foreclose board approval of an area variance" *(Matter of National Merritt v Weist,* 41 NY2d 438, 442). Lazer, J. P., Gibbons, Thompson and Eiber, JJ., concur.