■ AMOCO OIL COMPANY, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF MAMARONECK et al., Respondents. —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Mamaroneck, dated August 2, 1984, which denied the petitioner's applications for an area variance and a special permit, respectively, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Ferraro, J.), entered

February 20, 1985, which dismissed the proceeding on the merits.

Judgment modified, on the law, by deleting the provision thereof denying that branch of the petition which sought review of the denial of the application for a special permit and substituting therefor a provision granting that branch of the petition to the extent that the respondents' denial of the special permit application is annulled and the respondents are directed to issue a special permit to the petitioner. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the respondents to enable them to impose conditions upon the granting of the special permit, if they be so advised.

The petitioner is a tenant operating a service and filling station at the intersection of East Boston Post Road and Barry Avenue in Mamaroneck. Although said service station is located in a district in which such a use is permitted, it nonetheless borders on a predominantly residential area, and is in proximity to a school. In June 1984 the petitioner applied for a special permit seeking permission to demolish its existing service station and replace it with a smaller, more modern structure referred to as an attendant's booth. The petitioner also at the same time applied for an area variance permitting the replacement of its old gasoline storage tanks with four modern underground 10,000 gallon storage tanks. In essence, the petitioner sought to eliminate the service and repair aspect of its business and convert to solely a filling station. Following a hearing, the application for both the variance and the special permit were denied by the Zoning Board of Appeals of the Village of Mamaroneck (hereinafter board). The petitioner subsequently sought review of this determination. The court found that the applications for the variance and special permit were "inextricably intertwined", and reasoned that because the variance had been properly denied due to the petitioner's failure to establish economic injury, the special permit application had been correctly denied as well.

Although the two applications were unquestionably related, there is no indication in the record that they were mutually dependent on one another. In fact, the petitioner seeks to procure the special permit even in the absence of the variance. Thus, both applications must be viewed independently and the applicable standards of review applied to each.

Regarding the application for the area variance, although we find that the court erred in concluding that the absence of

economic injury was determinative *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139-140, *affd* 67 NY2d 702), we nonetheless find that the petitioner failed to establish the existence of practical difficulties entitling it to the variance *(see, Matter of Fuhst v Foley,* 45 NY2d 441). The need for the increased on-site storage of gasoline was not demonstrated, particularly in light of hazards associated therewith.

We find, however, with regard to the petitioner's application for a special permit, that the board acted arbitrarily and capriciously and that its determination is not supported by substantial evidence. Initially, we note that the respondents concede that had the special permit application been independently evaluated, it would have been granted. Furthermore, the petitioner established at the hearing that the proposed renovations would improve visibility and on-site mobility, reduce the risk of on-site accidents, and result in an over-all cleaner and safer station. The board nonetheless denied the special permit due to the station's proximity to a residential area and a school. The subject premises have operated as a service station for a long period of time, and the risks attendant thereto have obviously been accepted and adjusted to by the community. The record demonstrates that the proposed renovations could only serve to reduce those risks and enhance the safety and welfare of the community. The board's assertions to the contrary simply find no support in the record.

We note that, contrary to the petitioner's assertions, the respondents' answer, when read in conjunction with the exhibits annexed thereto, complied with the requirements of CPLR 7804 (d). Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.