■ In the Matter of MICHAEL JACKSON et al., Respondents, v DONALD KIRKPATRICK et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Village of Huntington Bay (hereinafter the Board), dated January 29, 1985, which denied the petitioners' application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Brown, J.), entered July 31, 1985, which annulled the determination and directed the issuance of the variance.

Ordered that the judgment is modified, on the law, by adding a provision thereto remitting this matter to the Board for a hearing and the imposition of reasonable conditions. As so modified, the judgment is affirmed, without costs or disbursements.

Special Term properly directed the issuance of the area variance which the petitioners sought because a proposed subdivision would render one of the lots substandard with respect to the minimum frontage requirements of the zoning ordinance.

The petitioners submitted evidence that if the variance were denied they would suffer substantial economic hardship *(see, Matter of Cowan v Kern,* 41 NY 591, 600-601). Having done so, it was the Board's burden to establish that granting the variance would adversely affect the public health, safety, morals or general welfare of the community *(see, Matter of National Merritt v Weist,* 41 NY2d 438; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702). The evidence, however, demonstrates that the stated ground for the Board's determination lacked a rational basis and is not based upon substantial evidence *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Human Dev. Servs. v Zoning Bd. of Appeals, supra).* Even though the Board correctly found that the petitioners' financial hardship was self-imposed, this fact does not prevent the Board from granting the area variance. It is merely a factor which may be weighed with the evidence before it *(Matter of National Merritt v Weist, supra; Matter of*

*Cowan v Kern, supra).* In view of the severity of the economic loss and since there was no showing that the granting of the area variance would adversely affect the surrounding neighborhood, the fact that the petitioners' economic loss was self-imposed does not warrant denial of the variance.

The petitioners have proven their clear entitlement to the area variance requested. However, in view of the downhill grade of the property, the testimony by neighbor David Cederholm that the proposed subdivision, "if not handled very, very strictly [development of the property] would create a downhill water drainage problem into my backyard", and the commitment by the petitioners to meet their obligation with regard to surface waters, we deem it necessary to remit this matter to the Board for the fashioning of reasonable conditions which will permit the petitioners to subdivide their property as requested while mitigating against the potential detrimental effects of drainage, erosion and environmental problems *(see, Town of Huntington v Sudano,* 42 AD2d 791, 792, *affd* 35 NY2d 796; *Bernstein v Board of Appeals,* 60 Misc 2d 470, 473; 2 Anderson, New York Zoning Law and Practice § 23:48 [3d ed]; 3 Rathkopf, Zoning and Planning § 40.01 [4th ed]). The Board shall formulate these reasonable conditions after a hearing for that purpose, upon notice to all parties affected. Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.