In the Matter of Louis J. SALIERNO et al., Respondents, v TAYLOR BRIGGS et al., Constituting the Board of Zoning Appeals of the Village of Tuxedo Park, Appellants. SAMUEL D. BORNSTEIN, Intervenor-Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Village of Tuxedo Park (hereinafter the board) dated April 29, 1986, which, after a hearing, denied the petitioners' application for an area variance and a building permit, the appeals are from a judgment of the Supreme Court, Orange County (Patsalos, J.), dated October 14, 1986, which granted the petition, annulled the determination of the board and directed the board to grant the petitioners' application for an area variance and a building permit.

Ordered that the judgment is affirmed, with costs.

The petitioners are the owners of a certain parcel of real property in the Village of Tuxedo Park. The property contains 2.35 acres of unimproved land and has 166.05 feet of frontage on Tuxedo Lake. Pursuant to the Building Zone Ordinance of the Village of Tuxedo Park § 501 (B) (2), building is not permitted on property in this area with less than 250 feet in its narrowest dimension. The petitioners' property falls 83.95 feet short of meeting this requirement.

The subject lot was created by a subdivision in September 1979. Following the petitioners' purchase of the lot in November 1985 the petitioners applied for a building permit. The application was denied because, *inter alia,* the lot did not meet the minimum dimension requirement for a building lot. The petitioners then applied to the board, arguing, *inter alia,* that they were entitled to an area variance because strict application of the zoning law would cause them practical difficulties, and, in any event, any variance of the 250-foot minimum dimension requirement that might have been necessary had been implicitly granted by the Planning Board of the Village of Tuxedo Park in 1979, when it approved the subdivision which created the lot.

The board denied the petitioners' application, on the basis that the requested "variance would be deterimental *[sic]* to the neighborhood * * * would tend to depreciate the value of the other property in the Village [and would] alter the essential character of the neighborhood". We initially note that the board's decision was conclusory, contains no facts in support of its conclusion and offers no explanation as to how or in what manner the granting of a variance would cause these negative results.

This proceeding was commenced to challenge the board's determination. The Supreme Court, Orange County, granted the petition, annulled the board's determination, and directed the board to grant the petitioners' application for an area variance and a building permit. In doing so the Supreme Court noted that the board's findings with respect to harm to the public are "conclusory with no real support in the record".

The village authorities then appealed, and the intervenor Samuel Bornstein, whose property abuts the subject lot and who did not seek leave to intervene in the Supreme Court, Orange County, was granted leave to intervene as an appellant on the appeal.

At the outset, we note that the Supreme Court properly rejected the petitioners' contention that a variance from the 250-foot minimum dimension requirement had been implicitly granted by the Planning Board of the Village of Tuxedo Park when it approved the subdivision by which the petitioners' lot was created. Although the applicable enabling statute empowers the Board of Trustees by resolution to authorize modifications in the applicable local zoning laws simultaneously with plat approval (see, Village Law §§ 7-728, 7-738), there is no resolution in the record with regard to this subdivision. Therefore, the dimensional requirements were not waived when the subdivision of the petitioners' land was approved.

The Supreme Court was also correct in its holding that the Zoning Board's denial of the area variance was arbitrary, capricious and an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441). It is well established that the critical question in deciding a request for an area variance is " 'whether strict application of the ordinance in a given case will serve a valid public purpose which outweighs the injury to the property owner' " (Human Dev. Servs. v Zoning Bd. of Appeals, 67 NY2d 702, 706, quoting from Matter of De Sena v Board of Zoning Appeals, 45 NY2d 105, 108). Although the evidence established that the petitioners in this case would not necessarily suffer significant economic injury by the denial of the variance and that the difficulty was to some extent self-created, those factors are not conclusive (see, Matter of National Merritt v Weist, 41 NY2d 438, 442; Matter of Jackson v Kirkpatrick, 125 AD2d 471; Amoco Oil Co. v Zoning Bd. of Appeals, 122 AD2d 755, 756-757).

The petitioners did establish "practical difficulties" in that they are unable to otherwise remedy the shortage of lake frontage and thus could not build on their lot without coming

into conflict with the zoning ordinance at issue here *(see, Matter of Fuhst v Foley, supra,* at 445). It was necessary to weigh the petitioners' difficulties against the valid public purpose served by the ordinance. In this regard, the board merely asserted in a conclusory fashion that a variance would have a negative impact. Such an assertion is an inadequate basis for denial of the variance *(see, Matter of Farrell v Board of Zoning & Appeals,* 77 AD2d 875, 876).

Furthermore, our review of the record reveals that the Supreme Court properly held that there was no evidence before the board which would support its conclusion. The vast majority of objections raised related to matters not before the board which had no connection whatsoever to the lake front-age. The only objection to the granting of the lake frontage variance was that others may ask for similar relief in the future. Such an objection is speculative in light of the unusual configuration of the lot in question and the fact that it is of more than sufficient area to constitute a buildable lot under the zoning ordinance. In contrast to the lack of evidence adduced in opposition to the variance, the record contains a recommendation by the Chairman of the Board of Architectural Review (hereinafter BAR) of the Village of Tuxedo Park that the variance should be granted. This recommendation states that "the B.A.R. would tend toward support of the Salierno variance request. We feel that the 30% reduction in allowable lake frontage can be compensated for with a skillful architectural plan and appropriate landscaping". Accordingly, the board's determination lacked a rational basis, and is not based upon substantial evidence *(see, Matter of Jackson v Kirkpatrick, supra; Matter of Triangle Inn v Lo Grande,* 124 AD2d 737, 738). Thus, the Supreme Court properly granted the relief requested in the petition.

Finally, the contention by the intervenor that the subdivision creating the subject lot was unlawfully approved because the Planning Board of the Village of Tuxedo Park in 1979, failed to comply with the requirements of ECL article 8, is without merit. The determination of the Planning Board cannot be collaterally attacked in this proceeding because the Planning Board has not been made a party. In any event, the intervenor's claim is untimely *(see,* CPLR 217; *Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193; *Matter of Connell v Town Bd.,* 67 NY2d 896). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.