■ In the Matter of Townwide Properties, Inc., Respondent, v Zoning Board of Appeals of the Town of Huntington, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, dated July 17, 1986, which, after a hearing, denied the petitioner's application for certain area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Luciano, J.), entered October 13, 1987, which granted the petition, annulled the Board's determination and directed the Board to issue the variances requested by the petitioner.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner is the owner of a corner parcel of real property located in an R-5 Residence District on which it proposes to construct a single-family dwelling. The Town of Huntington, in which the property is located, requires that a

single-family dwelling have a 50-foot lot width at the setback line and a side yard on the side street of 20 feet. The petitioner's property has a width at the setback line of 40 feet. A side yard of 15 rather than 20 feet is proposed on the street side.

The petitioner twice wrote to the Town of Huntington which owned the adjacent parcel, to inquire into the purchase of its property. However, the town failed to respond. The petitioner then applied to the Board for certain area variances but the Board denied the application on the ground that the petitioner had failed to meet its burden of establishing practical difficulty or unnecessary hardship. The Board determined that the hardship claimed by the petitioner had been self-created and that the proposed variances were not in keeping with the character of the neighborhood. The Board further found that the variances would have an adverse effect on neighboring property values. The Board also noted that many of the other properties owned by the petitioner were occupied by more families than legally permitted under the applicable certificates of occupancy.

This proceeding was commenced to challenge the Board's determination. The Supreme Court granted the petition, annulled the board's determination and directed the board to grant the petitioner's application for the area variances.

Although a Zoning Board is given discretion in determining whether or not to grant a variance, the Board's determination must have a rational basis and be supported by substantial evidence *(Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598). We find that the Board's denial of the petitioner's application for the area variances was arbitrary, capricious and constituted an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Salierno v Briggs,* 141 AD2d 547).

It is well established that a landowner who seeks a use variance bears a heavier burden of proof than one who desires relaxation of an area limitation *(Matter of Village Bd. v Jarrold,* 53 NY2d 254). "To be granted an area variance, the applicant must satisfy the less demanding standard of showing that strict compliance with the zoning law will cause 'practical difficulties' (see, e.g., *Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers,* 17 NY2d 249, 255; *Matter of Village of Bronxville v Francis,* 1 AD2d 236, affd 1 NY2d 839)" *(Matter of Consolidated Edison Co. v Hoffman, supra,* at 606). "The basic inquiry at all times is whether strict applica-

tion of the ordinance in a given case will serve a valid public purpose which outweighs the injury to the property owner (see *Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449, 455-456)" *(Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108; *see also, Human Dev. Servs. v Zoning Bd. of Appeals,* 67 NY2d 702).

In reaching a determination of whether strict application of the zoning ordinance will serve a valid public purpose which outweighs the injury to the property owner, the Zoning Board must consider "(1) how substantial the variance is in relation to the requirement, (2) whether a substantial change will be produced in the character of the neighborhood, (3) whether the difficulty can be obviated by some method feasible for the applicant to pursue other than a variance, and (4) whether, in view of the manner in which the difficulty arose, the interest of justice will be served by allowing the variance" *(Matter of Friendly Ice Cream Corp. v Barrett,* 106 AD2d 748, 749; *see also,* 2 Anderson, New York Zoning Law and Practice § 23.34, at 208-209 [3d ed]).

Applying the foregoing factors to the instant case, it is clear that the petitioner's purchase of the property with knowledge that a single-family dwelling could not be built without the variances and thus, that the petitioner's hardship was self-imposed or self-created, was not, standing alone, a sufficient basis upon which the Board could rely in order to deny the petitioner's application *(Human Dev. Servs. v Zoning Bd. of Appeals, supra; Matter of De Sena v Board of Zoning Appeals, supra; Matter of New York Inst. of Technology v Tanen,* 112 AD2d 164, *lv denied* 66 NY2d 602; *Matter of Springer v Zoning Bd. of Appeals,* 109 AD2d 888). A significant factor, however, is the magnitude of the variance sought, since the greater the deviation the more likely it is that the impact on the community will be severe *(see, Matter of Consolidated Edison Co. v Hoffman, supra; Matter of National Merritt v Weist,* 41 NY2d 438). The variances sought by this petitioner, a 10-foot variance at the setback line and a five-foot variance at the side yard on the side street side, would amount to a minimal deviation from the town's regulations *(see also, Matter of Salierno v Briggs, supra; Matter of New York Inst. of Technology v Tanen, supra).*

The Board's finding regarding the petitioner's other property holdings related to matters not before the Board and had no relation to the petitioner's application for the variances in question *(Matter of De Sena v Board of Zoning Appeals, supra; Matter of Salierno v Briggs, supra).* The limited testimony

presented at the hearing fails to support a finding that the addition of a single-family residence would have a negative impact on parking in the area or that granting the variances sought by the petitioner would in any way adversely affect the public health, safety and welfare. Moreover, the Zoning Board's conclusion that granting the variances and permitting the petitioner to build the single-family residence would not be in keeping with the character of the neighborhood and would have an adverse effect on neighboring property values is belied by the record (cf., Matter of Lakeland Park Estates v Scheyer, 142 AD2d 582). The testimony of the petitioner's real estate expert that the variances would not change the character of the neighborhood or have an adverse effect on surrounding property values was uncontroverted.

Nor can the difficulty faced by the petitioner be obviated by some feasible method. The petitioner twice contacted the town, which is the owner of the adjacent property, to express its desire to purchase the parcel, but received no response to its inquiries. Although the petitioner purchased the property in question for only $5,000, we find that it sufficiently established that it would suffer practical difficulties without the variances. There can be no productive purpose for the residentially zoned property if the petitioner cannot construct a dwelling thereon. Even though the evidence established that the petitioner would not necessarily suffer significant economic injury by the denial of the variances and that the difficulty was self-created, these factors are not conclusive (see, Matter of National Merritt v Weist, supra; Matter of Salierno v Briggs, supra; Matter of Jackson v Kirkpatrick, 125 AD2d 471; Amoco Oil Co. v Zoning Bd. of Appeals, 122 AD2d 755; cf., Matter of Iannucci v Casey, 140 AD2d 343).

Strict application of the zoning regulations in this case will serve no valid public purpose outweighing the injury to the petitioner. The record demonstrates that the petitioner cannot build a dwelling on the property " 'without coming into conflict with certain of the [zoning] restrictions' " and that the restrictions would create "practical difficulties" (Matter of Fuhst v Foley, 45 NY2d 441, 445, supra; Matter of Lanzilotta & Teramo Dev. Corp. v Lazarus, 127 AD2d 767, appeal dismissed 70 NY2d 927; Human Dev. Servs. v Zoning Bd. of Appeals, 110 AD2d 135, 139, affd 67 NY2d 702, supra; Matter of Lund v Edwards, 118 AD2d 574). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.