■ In the Matter of ROLF H. NAUMANN et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF CARMEL, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Carmel, dated April 18, 1988, granting an application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Putnam County (Dickinson, J.), dated September 1, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Wayne and Marsha L. Cellio applied for and were granted an area variance by the respondent Zoning Board of Appeals of the Town of Carmel (hereinafter the Board), to construct a private stable on their residential property. Under the zoning code the stable was a permitted conditional use, but the Cellios were unable to comply with certain setback requirements.

The petitioners Rolf H. Naumann, Joan Naumann, Hans J.

Dierks, and Elfriede Dierks, who are adjacent property owners, opposed the variance application and commenced the instant CPLR article 78 proceeding against the Board to annul the grant of the variance. The petition was denied and the proceeding dismissed. This appeal followed.

The Board granted the variance after a hearing and a visit to the property. Its determination was not arbitrary, illegal, or an abuse of discretion, and it has a rational basis and is supported by substantial evidence in the record (see, Matter of Freese v Levitan, 117 AD2d 805). Moreover, even if a hardship is self-created, that fact does not necessarily prevent a Zoning Board from granting a variance in the proper exercise of its discretion (see, Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309; Matter of New York Inst. of Tech. v Tanen, 112 AD2d 164; Matter of Fort Ridge Bldrs. v Zoning Bd. of Appeals, 64 AD2d 704). That a hardship is self-created is merely one factor to be considered (Conley v Town of Brookhaven Zoning Bd. of Appeals, supra; Matter of Freese v Levitan, supra).

We reject the petitioners' contention that because the Cellios had a reasonable use of their property as a residence, the Board could not find that they would be deprived of a reasonable use of their property by the strict enforcement of the setback requirements for a private stable. This reasoning would preclude any variance for an accessory use.

Finally, the Board's interpretation of the zoning code regarding the applicability of certain standards for farms to an accessory use of a residential property as a private stable, must be given deference since the Board's interpretation is not improper on its face and is reasonable (Appelbaum v Deutsch, 66 NY2d 975; see also, Matter of Rembar v Board of Appeals, 148 AD2d 619). Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.