■ In the Matter of SAMUEL IANNONE et al., Appellants, v ZONING BOARD OF APPEALS OF THE VILLAGE OF WAPPINGERS FALLS, Respondent.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (King, J.), entered September 21, 1988 in Dutchess County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent granting an area variance to Lewis Snell.

Petitioners own property adjoining the southwest portion of property of Lewis Snell in the Village of Wappingers Falls, Dutchess County. Snell purchased his property for an apparently unsubstantial consideration at a tax sale. Snell's prop-

erty is naturally divided by a 30-foot cliff. The elevated portion northeast of the cliff is about .23 of an acre, fronting on Market Street, and contains a single residential building. The lower portion of the property southwest of the cliff consists of .48 of an acre and is divided between residential zoning and industrial zoning. The two portions are virtually physically inaccessible to each other. The southwest, lower portion is also encumbered by various easements of record, consisting of rights-of-way, one of which favors petitioners. Snell had applied to the Village Planning Board for permission to subdivide his property along the line of the cliff. Since this would have created a substandard lot northeast of the cliff, he was referred to respondent for an area variance.

The variance sought before respondent was for authority to deviate from the 100-foot minimum depth of lot requirement of the ordinance, the lot having an average depth of only 60 feet. Snell had apparently altered his plan of division so as to meet the minimum lot square footage requirement of the ordinance.

At the hearing before respondent, Snell claimed that the rights-of-way on the lower portion of his entire property made it impossible to obtain title insurance coverage in an acceptable form for mortgage financing, thus effectively rendering the property inalienable. Therefore, he wished to separate the more heavily encumbered lower portion by the proposed subdivision. The only opposition to his application was expressed by petitioners. Respondent granted the area variance. Petitioners then brought this CPLR article 78 proceeding to challenge that determination, and now appeal from the dismissal of their petition.

There should be an affirmance. Petitioners' arguments for reversal are essentially that (1) there was insufficient evidence of practical difficulties for Snell in the event that the zoning ordinance was strictly enforced in view of the minimal financial investment Snell made in the subject property, and (2) any hardship encountered by Snell was self-imposed since he acquired the property with knowledge of the zoning limitations. As to practical difficulties, respondent was within its province in crediting the evidence submitted by Snell consisting of a letter from a title insurance company that the undivided tract owned by Snell was not amenable to acceptable title insurance (see, Matter of Currier v Planning Bd., 74 AD2d 872, affd 52 NY2d 722). Likewise, it was not irrational for respondent to find that the resultant inalienability of the undivided property constituted practical difficulty (see, Conley

*v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 315-316). That Snell may have purchased with knowledge of the zoning restrictions is not a determinative factor requiring denial of an area variance *(see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108; *Conley v Town of Brookhaven Zoning Bd. of Appeals, supra,* at 315).

In the final analysis, the " 'basic inquiry at all times is whether strict application of the ordinance in a given case will serve a valid public purpose which outweighs the injury to the property owner' " *(Human Dev. Servs. v Zoning Bd. of Appeals,* 67 NY2d 702, 706, quoting *Matter of De Sena v Board of Zoning Appeals, supra,* at 108). Respondent could easily resolve this issue in Snell's favor. Here, as in *Human Dev. Servs. v Zoning Bd. of Appeals (supra),* there was no evidence that strict application of the minimum depth of lot requirement of the zoning ordinance served *any* public purpose. Missing was any evidence whatsoever that waiving the minimum depth requirement would have any adverse effect on the character of the neighborhood. The variance did nothing more than permit the residential lot's dimensions to conform to its natural boundary created by the cliff. Moreover, petitioners' complaints were essentially unrelated to the nonconformity of that lot. Their fears were that once subdivision was approved, Snell would take action impairing their right-of-way in the lot below the cliff. These were irrelevant to the instant proceeding. Although respondent could have also validly come to a contrary conclusion, especially as to practical difficulties *(see, Matter of Four M Constr. Corp. v Fritts,* 151 AD2d 938), its determination has a rational basis and is supported by substantial evidence and, therefore, cannot be disturbed *(see, Conley v Town of Brookhaven Zoning Bd. of Appeals, supra,* at 316; *Matter of Freese v Levitan,* 117 AD2d 805).

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.