■ PHILIP J. SANZONE et al., Respondents-Appellants, v CITY OF ROME et al., Appellants-Respondents.—Judgment unanimously modified on the law and as modified affirmed with costs to petitioner Sanzone, in accordance with the following Memorandum: Petitioner Philip Sanzone proposes to purchase a church owned by petitioner First Church of Christ Scientist and to convert the property to professional offices. The property is located in an historic district and in an R-G zone, which permits use for professional offices provided there is compliance with an off-street parking ordinance. Attempting to comply with the parking requirement, Sanzone applied to the City of Rome Historic and Scenic Preservation Commission, a respondent herein, for permission to build parking lots on either side of the building. That proposal was vetoed by the Commission on aesthetic grounds, and that determination was upheld by respondent Common Council. Sanzone then sought an area variance from respondent Zoning Board of Appeals granting him a waiver of the off-street parking requirement. That application was denied. Petitioners commenced a CPLR article 78 proceeding challenging those determinations and requesting that Sanzone be permitted either to construct the two parking lots or that he be granted a complete parking exemption. The court annulled both determinations, and respondents now appeal.

We conclude that the court erred in annulling the determinations of the Preservation Commission and the Common Council denying Sanzone's proposal to construct two parking lots on the property. The Commission concluded that construction of asphalt parking surfaces would "negatively impact the aesthetic quality and symmetry that the grounds provide to the property", and that the "loss of open space on either side of the building would also have a negative impact on the historic and architectural values of the building and its sur-

rounding". Under the City ordinance, the Commission is charged with making that kind of aesthetic judgment, and we cannot conclude that it was irrational. We therefore modify the judgment to confirm the determinations of the Commission and Common Council.

The Zoning Board's determination was properly annulled. It is incumbent upon an applicant for an area variance to demonstrate that strict compliance with the zoning ordinance would result in practical difficulties, i.e., that strict enforcement of the ordinance will cause him a significant economic injury because, as a practical matter, it will not allow him to utilize his property *(Matter of Fuhst v Foley,* 45 NY2d 441, 445; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314; *Matter of Zwitzer v Zoning Bd. of Appeals,* 144 AD2d 1023, 1024, *affd* 74 NY2d 756). Once an applicant establishes practical difficulties, the Zoning Board must grant the variance unless it demonstrates that strict application of the zoning standard is indispensable to the public health, safety and welfare *(Matter of Zwitzer v Zoning Bd. of Appeals, supra,* at 1024, citing *Matter of Fulling v Palumbo,* 21 NY2d 30, 33).

Here, Sanzone has demonstrated practical difficulty. Given the adverse determination of the Preservation Commission, Sanzone is legally incapable of complying with the zoning ordinance because, although he proposes to use the property for a permitted use, he cannot establish the requisite off-street parking. Further, Sanzone's hardship is not self-created since any owner would suffer the same practical difficulties. Finally, there is no support in the record for the Board's conclusion that granting the variance would alter the essential character of the locality and constitute a detriment to the neighborhood by increasing the existing parking problem. The Commission concluded that compliance with the on-site parking requirement would alter the essential character of the neighborhood. It is illogical for the Zoning Board to conclude that noncompliance with the on-site parking requirement would have that same effect. Additionally, the record demonstrates that the Board's concerns about parking congestion are unfounded. Thus, we modify the judgment to order the Zoning Board to grant a variance waiving the off-street parking requirement.

In view of our disposition, it is unnecessary to consider petitioners' cross appeal. (Resubmission of appeals from Judgment of Supreme Court, Oneida County, Shaheen, J.—Article 78.) Present—Callahan, J. P., Denman, Balio, Lawton and Davis, JJ.