■ JOSEPH MARINO et al., Appellants, v ZONING BOARD OF APPEALS OF CHEEKTOWAGA, Respondent.—Judgment, insofar as appealed from, unanimously affirmed without costs. Memorandum: Respondent's denial of petitioners' application for an area variance for an additional parking space in the front yard of their premises was not arbitrary, capricious or an abuse of discretion because petitioners failed to demonstrate that "strict compliance with the zoning ordinance will result in practical difficulties" *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314; *see also, Matter of Fuhst v Foley,* 45 NY2d 441, 445). The basic inquiry in reviewing applications for an area variance is "whether strict application of the ordinance in a given case will serve a valid public purpose which outweighs the injury to the property owner" *(Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108; *see also, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702). Factors to be considered include significant economic injury, the magnitude of the desired variance, whether the "difficulty" alleged was self-created and whether the alleged difficulty may be avoided by means other than a variance which the applicant feasibly may pursue *(see, Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 139-140; *Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 606; *Matter of National Merritt v Weist,* 41 NY2d 438, 441). Proof that strict compliance with the ordi-

nance will cause the applicant mere inconvenience or that the property could be utilized more profitably if an area variance was granted is not sufficient to justify granting the variance.

Here, petitioners demonstrated only that their hair salon could be more profitable and more competitive in the winter months if a variance were granted and that some of their clientele would be inconvenienced during those months if the variance were not granted. Petitioners failed to tender proof that, because of the absence of the requested variance, they sustained significant economic injury (see, Matter of Cowan v Kern, 41 NY2d 591, 596, rearg denied 42 NY2d 910; Matter of National Merritt v Weist, supra, at 442; Matter of Orchard Michael, Inc. v Falcon, 110 AD2d 1048, affd 65 NY2d 1007). Further, contrary to petitioners' argument, the grounds of respondent's denial of their application are disclosed in the record, and are "sufficient to decide this appeal" (Matter of Foster v Saylor, 85 AD2d 876, 878; see also, Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d 278, 284). Finally, petitioners have alternative means available to them to make all of the parking spaces in their rear parking lot usable during the winter months. Accordingly, it cannot be said that respondent's conclusion that petitioners failed to demonstrate "practical difficulties" was arbitrary and capricious or constituted an abuse of discretion and, therefore, Supreme Court properly declined to set it aside. We have considered petitioners' remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Ostrowski, J.—Article 78.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.