■ In the Matter of LAWRENCE M. SASSO et al., Appellants, v ROBERT GAMBLE et al., Constituting the Zoning Board of Appeals of the Town of Henderson, Respondents, and GERALD G. SPEACH, Intervenor-Respondent.—Judgment unanimously reversed on the law without costs and petition granted in accordance with the following Memorandum: Intervenor, Gerald G. Speach, applied for and was granted lot size and setback variances of the Zoning Ordinance of the Town of Henderson by the Zoning Board of Appeals in order to construct a four-slip boathouse on property he purchased on Graham's Creek. At the time of his purchase, the property contained a single-slip boathouse. Petitioners, the owners of property on either side of the subject property, commenced this CPLR article 78 proceeding seeking to set aside the determination of the Zoning Board of Appeals. Supreme Court dismissed the petition.

On appeal, petitioners contend that the Zoning Board of Appeals incorrectly concluded that a boathouse was a permitted use on Speach's property as an accessory use to Speach's cottage, which is located on a lot across a private road and one lot removed from the subject property. It is well settled that a Zoning Board of Appeals has considerable latitude in interpreting its own ordinances, and that the Board's interpretation of an ordinance will prevail unless unreasonable or irrational (see, Matter of Frishman v Schmidt, 61 NY2d 823, 825; Matter of Naumann v Zoning Bd. of Appeals, 161 AD2d 714, lv denied 77 NY2d 804). We do not find the Board's decision that a lot could include three small parcels of land in close proximity to each other to be unreasonable or irrational. The area consists of small, predominantly substandard lots, and the Board conditioned the variance upon Speach's filing a restrictive covenant providing that the land can be transferred only as a single unit.

We cannot conclude, however, that Speach demonstrated practical difficulties sufficient to justify an area variance. To demonstrate practical difficulties, an applicant bears the burden of showing "that strict enforcement of the ordinance will cause him a significant economic injury because, as a practical matter, it will not allow him to utilize his property" (Sanzone v City of Rome, 170 AD2d 977, 978). Here, Speach was able to use his property as an additional yard for his cottage and also enjoyed the use of a single-slip boathouse. Speach's desire to

build a four-slip, enclosed boathouse for use by his family and guests was for his own personal convenience, which is not a sufficient reason upon which to base a finding of practical difficulties *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 446; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139-140, *affd* 67 NY2d 702). Moreover, Speach purchased the land with knowledge of the Zoning Ordinance, one of the purposes of which is to prevent overcrowding of land.

We further conclude that the Zoning Board of Appeals failed to comply with section 602 (3) of the Zoning Ordinance by failing to make sufficient findings, particularly on the issue whether the variance was "reasonable and necessary" and was the minimum that would accomplish the applicant's purpose.

We have examined petitioners' remaining argument and find it to be lacking in merit. (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Article 78.) Present—Denman, P. J., Boomer, Green, Balio and Doerr, JJ.