■ In the Matter of ROBERT PRESTON et al., Respondents-Appellants, v BOARD OF ZONING AND APPEALS OF THE TOWN OF NORTH HEMPSTEAD, Respondent, and GLORIA A. JOHNSON et al., Intervenors-Appellants-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning and Appeals of the Town of North Hempstead dated May 10, 1989, denying the petitioners' application for area variances, the intervenors appeal from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered June 13, 1990, which granted the petition and annulled the determination, and the petitioners cross-appeal from an order of the same court, entered July 19, 1990, which granted the intervenors' motion for leave to intervene in this proceeding.

Ordered that the judgment entered June 13, 1990, is affirmed; and it is further,

Ordered that the order entered July 19, 1990, is affirmed; and it is further,

Ordered that the petitioners are awarded one bill of costs, payable by the intervenors.

On April 16, 1987, the petitioners applied to the Board of Zoning and Appeals of the Town of North Hempstead (hereinafter the Board) for area variances to permit the construction of two single-family residences on an approximately 12,847

square-foot parcel of property in Great Neck, New York. At the time of the petitioners' application, the property was located in a Residence B District, in which single-family homes may be constructed upon lots which have a minimum square footage of 6,000 feet, and a minimum width at the front setback line of 50 feet. In order to build the dwellings, the petitioners sought area variances which would permit a reduction in the minimum front yard setback from 50 feet to 45 feet. The Board granted the petitioners' application on or about June 24, 1987, concluding, *inter alia,* that the front yard setback variances sought were insubstantial, and that there was no evidence that the proposed development would adversely affect the character of the surrounding area, or harm public welfare and safety. Following the Board's approval of his application, the petitioners purchased the subject property for the sum of $425,000.

Approximately six months later, the area in which the subject property was located was rezoned to a Residence A District, in which a single-family dwelling is required to have a minimum lot area of 8,500 square feet, and a minimum width at the front setback line of 65 feet. The Board subsequently concluded that the Residence A District requirements were applicable to the petitioners' property, and rescinded its prior determination granting the petitioners' variance applications. In reaching its new determination, the Board concluded that the setback variances requested would constitute a substantial deviation from Residence A zoning requirements. Further, although the Board conceded that "[n]o evidence was submitted indicating [that] a strain on governmental services" would ensue if the variances were granted, it nevertheless asserted that the "public health safety and general welfare" would be served by denying the variances. The petitioners thereafter commenced this CPLR article 78 proceeding to challenge the denial of his variance applications. The Supreme Court granted his petition and annulled the Board's determination.

Although a zoning board is given discretion in determining whether or not to grant a variance, the Board's determination must have a rational basis and be supported by substantial evidence *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598). Upon our review of the record, we agree with the Supreme Court's finding that the Board's denial of the petitioner's application for area variances in this case was arbitrary and capricious and constituted an improvident exercise of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441).

The record demonstrates that in the absence of area variances permitting him to build two single-family residences on his property, the petitioners will suffer "significant economic hardship", as he will be unable to obtain a reasonable return on his $425,000 investment (see, Matter of Cowan v Kern, 41 NY2d 591; Matter of National Merritt v Weist, 41 NY2d 438, 442). Moreover, we do not find the petitioners' hardship self-created, since he acquired the subject property only after the Board initially awarded him the subject variances, and could not have been expected to foresee that the property would be rezoned before he commenced construction. We further note that the record is devoid of any evidence that the proposed area variances would have an adverse impact on the surrounding area. Strict application of the zoning regulations enacted after the petitioners' purchase of the subject property would thus serve no valid public purpose outweighing the injury to him (see, Matter of Hofstein v Board of Zoning & Appeals, 159 AD2d 503; Matter of Townwide Props. v Zoning Bd. of Appeals, 143 AD2d 757). Accordingly, the Board's denial of the application for a variance was arbitrary and capricious (Matter of Fuhst v Foley, supra), and the Supreme Court properly annulled and vacated the Board's determination.

Finally, we find that the court did not improvidently exercise its discretion in granting the intervenors' motion for leave to intervene in this action (see, CPLR 7802 [d]). Thompson, J. P., Eiber, Pizzuto and Santucci, JJ., concur.