WALTER SAMON et al., Appellants, v CITY OF UTICA ZONING BOARD OF APPEALS et al., Respondents. [594 NYS2d 512] — Judgment unanimously reversed on the law without costs and petition granted. Memorandum: Petitioners, Walter and Mary Samon, are the next-door neighbors of respondents Theodore and Jean Kondzielawa on Servis Place in the City of Utica. The Kondzielawas applied for an area variance seeking to erect a carport that would extend to within six inches of the side lot line separating their property from petitioners' property. The City of Utica's zoning ordinance requires a minimum side yard setback of 10 feet. Respondent Zoning Board of Appeals, rejecting the findings and recommendations of the City of Utica Planning Board, found that the Kondzielawas had demonstrated practical difficulties and granted the variance. Petitioners brought this CPLR article 78 proceeding challenging the grant of the area variance, contending that the Kondzielawas failed to meet their burden of showing practical difficulties. Supreme Court dismissed the petition.

To succeed in their application for an area variance, the Kondzielawas were required to show that they were being denied reasonable use of their property by strict compliance with the zoning ordinance *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 445; *Matter of Sasso v Gamble,* 181 AD2d 988; *Marino v Zoning Bd. of Appeals,* 176 AD2d 1210; *Sanzone v City of Rome,* 170 AD2d 977, 978, *lv dismissed* 77 NY2d 988).

That burden was not met. The Kondzielawas offered no proof to establish that they could not reasonably use their property without an area variance. They further failed to show that the proposed carport had a "meaningful nexus" to the use of their property *(Matter of Fuhst v Foley, supra,* at 446). The sole justification for the carport was the conclusory statement by Jean Kondzielawa at the Zoning Board hearing that a second automobile and the side of their house were being damaged by smoke and soot coming from petitioners' chimney. No economic proof was offered with respect to such damage, nor was there proof that the carport could not be erected without an area variance. There was proof only that building a carport on the other side of the house would be more expensive. The proof offered by the Kondzielawas showed that an area variance would serve their personal convenience, an insufficient justification for such relief *(see, Matter of Fuhst v Foley, supra,* at 447; *Matter of Sasso v Gamble, supra,* at 988-989; *Marino v Zoning Bd. of Appeals, supra,* at 1211). We conclude, therefore, that there was not substantial evidence to support the determination reached by the Zoning Board. (Appeal from Judgment of Supreme Court, Oneida County, Shaheen, J.—Article 78.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.