■ SAMUEL CIRRITO, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF WHEATFIELD, Respondent. [602 NYS2d 275] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the CPLR article 78 petition challenging respondent's denial of petitioner's application for an area variance. To be entitled to an area variance, petitioner had the burden of establishing that strict application of the zoning ordinance would result in practical difficulties *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 445; *Marino v Zoning Bd. of Appeals,* 176 AD2d 1210; *Sanzone v City of Rome,* 170 AD2d 977, 978, *lv dismissed* 77 NY2d 988). "To demonstrate practical difficulties, an applicant bears the burden of showing 'that strict enforcement of the ordinance will cause him a significant economic injury because, as a practical matter, it will not allow him to utilize his property' *(Sanzone v City of Rome, [supra,* at] 978)" *(Matter of Sasso v Gamble,* 181 AD2d 988; *see also, Matter of Fuhst v Foley, supra,* at 445; *Samon v City of Utica Zoning Bd. of Appeals,* 191 AD2d 1004).

Petitioner failed to show that strict enforcement of the zoning ordinance would result in practical difficulties. His area variance application states in conclusory fashion that a two-family residence would be the best use of the property. The minutes of the two public hearings, however, do not

support that conclusion, and petitioner has failed to address the uncontroverted fact that a single-family residence may be built on the property without an area variance. The frontage requirement for a two-family house existed when petitioner purchased the vacant property in 1977. It is apparent that petitioner sought the area variance to serve his personal convenience, i.e., to build a two-family residence for his children on the property, which is adjacent to his residence. Personal convenience is an insufficient justification for an area variance *(see, Matter of Fuhst v Foley, supra,* at 447; *Samon v City of Utica Zoning Bd. of Appeals, supra; Matter of Sasso v Gamble, supra,* at 988-989; *Marino v Zoning Bd. of Appeals, supra,* at 1211). (Appeal from Judgment of Supreme Court, Niagara County, Rath, Jr., J.—Article 78.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.