■ In the Matter of LAWRENCE A. O'KEEFE et al., Respondents, v JEAN DONOVAN, as Chairperson of the Zoning Board of Appeals of the Town of Colonie, et al., Appellants. [605 NYS2d 150] —Mahoney, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered February 22, 1993 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Zoning Board of Appeals of the Town of Colonie granting an area variance.

John Elacqua and Marie Elacqua own a 42,325-square-foot lot on Dawn Drive in the Town of Colonie, Albany County, improved with a single-family home. In 1992, the Elacquas sought to subdivide the lot for purposes of permitting their adult daughter, Jamie, who suffers from lupus, to construct a home on the newly created vacant lot. Because the subdivision would lead to both lots having less than the 80-foot minimum required frontage (the lot with the Elacquas' house having 71 feet and the vacant lot having 62 feet) and the new house having less than the 55-foot minimum setback, a request was

made for an area variance. Despite strong objections lodged by certain neighboring landowners at the public hearings, respondent Zoning Board of Appeals of the Town of Colonie (hereinafter respondent) granted the application finding that the deviation was minimal, it would not have any adverse effect or impact on the physical or environmental conditions in the neighborhood or upon the public safety, and was necessary because of Jamie's ill health. Thereafter, petitioners, all neighboring landowners, commenced this CPLR article 78 proceeding against, among others, respondent, arguing that the Elacquas failed to show practical difficulties. Supreme Court agreed and annulled respondent's determination. Respondent appeals.

Under familiar principles, in order to establish entitlement to an area variance the applicant must "demonstrate that 'strict compliance with the zoning ordinance will result in practical difficulties' " *(Matter of Fuhst v Foley,* 45 NY2d 441, 445, quoting *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314), that is, that the applicant cannot, as a practical matter, use his or her property without coming into conflict with certain zoning ordinance restrictions *(see, Matter of Fuhst v Foley, supra).* Under Town Law § 267-b (3), the criteria to be applied by respondent in ruling on an area variance request are (1) whether the variance will result in an undesirable change in the character of the neighborhood or be detrimental to neighboring properties, (2) whether the benefit sought by the applicant can be achieved feasibly by some method other than an area variance, (3) whether the variance request is substantial, (4) whether it will have an adverse effect or impact upon the physical or environmental conditions in the neighborhood, and (5) whether the difficulty is self-created. As regards the last consideration, the statute expresses that a self-created difficulty shall not necessarily preclude the granting of an area variance.

Based upon our review of the record, we find that respondent painstakingly took into account all the required factors and that its determination "rests comfortably on a rational basis and substantial evidence" *(Matter of Doyle v Amster,* 79 NY2d 592, 596). With regard to issues of neighborhood character, public health and safety, a real estate appraiser indicated that the variance would not change the character of the neighborhood, that the 1,500-square-foot single-family dwelling proposed for the newly created lot would be homogeneous to the surrounding neighborhood, and its presence would not adversely affect future marketability or present market value

of neighboring lands. Further, a professional engineer specializing in hydrology testified that the removal of certain trees incident to the construction would not have any measurable impact upon the already poor groundwater drainage situation existing at properties situate behind Dawn Drive, a position petitioners essentially have conceded. Moreover, the variance sought is not substantial—the frontage variations are essentially de minimus and the setback variation, while admittedly greater (55 feet to 25 feet) is not much less than the 30-foot setbacks of many of the other neighborhood lots obtained under prior, less restrictive area zoning requirements. Most significantly, however, as subdivided each lot is approximately 21,000 square feet (approximately 1/2 acre), which is well in excess not only of the 18,000-square-foot minimum lot size but also of most of the lots in the neighborhood (see, *Matter of Hofstein v Board of Zoning & Appeals,* 159 AD2d 503, 504). Indeed, if it were not for its irregular shape and topography, this otherwise generously sized suburban lot could be subdivided and developed as a matter of right.

Mercure, J. P., Cardona, White and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.