■ In the Matter of LAWRENCE M. SASSO et al., Appellants, v ELLIOTT OSGOOD et al., Constituting the Zoning Board of Appeals of the Town of Henderson, Respondents. GERALD G. SPEACH, Intervenor-Respondent. [614 NYS2d 660] —Judgment unanimously reversed on the law without costs and petition granted. Memorandum: Supreme Court failed to exercise its review function properly in denying the petition to annul a determination of the Zoning Board of Appeals of the Town of Henderson (ZBA). The ZBA granted an area variance to intervenor, the owner of a substandard lot, to enable him to demolish an existing single-slip boathouse and erect a three-slip boathouse in its place. Although local zoning boards have discretion in considering an application for a variance and the judicial function is a limited one (see, Matter of Fuhst v Foley, 45 NY2d 441, 444), a court reviewing the substantiality of the evidence upon which such a variance is granted "exercises a genuine judicial function" (300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181). The court failed to specify what evidence it considered to be substantial and to provide a rational basis for the ZBA's determination, and our review of the record indicates that many of the ZBA's findings of fact are unsupported. In particular, we conclude that the record does not support the ZBA's findings that, absent a variance, the subject lot may never be used and will be rendered valueless; that the proposed use will not be detrimental to nearby properties; and that the substantiality of the requested variance is excusable to "restore equality of permitted use".

Further, the ZBA's determination appears to have been based in part upon the erroneous belief that Town Law § 267-b provides a more lenient standard for the granting of an area variance because the term "practical difficulty" was removed from the statutory language. There is no appreciable difference between the standard set forth in the newly-enacted Town Law § 267-b (3) (b) and the familiar "practical difficulty"

standard, and an applicant still must demonstrate that strict compliance with the zoning ordinance will result in practical difficulties *(see, O'Keefe v Donovan,* 199 AD2d 681; *Matter of Vilardi v Roth,* 192 AD2d 662). Thus, the ZBA's failure to require intervenor to make such a showing was erroneous. (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Article 78.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.