■ In the Matter of ROBERT C. ALVORD, Appellant, v VILLAGE OF CAMDEN ZONING BOARD OF APPEALS et al., Respondents. [616 NYS2d 840] —Judgment unanimously affirmed without costs. Memorandum: Respondent Village of Camden Zoning Board of Appeals (ZBA) granted four variances to respondents Bernard Metott and Delaine Metott for relief from the front and side yard setback requirements, the lot width requirement and the per unit lot area restriction contained in the Village of Camden Zoning Ordinance (zoning ordinance). Petitioner, the owner of adjacent property, commenced this CPLR article 78 proceeding challenging the determination of the ZBA. Supreme Court dismissed the petition. We affirm.

To be entitled to the four area variances, the Metotts had to establish that strict application of the zoning ordinance would result in practical difficulties *(see, Matter of Doyle v Amster,* 79 NY2d 592, 595; *Matter of Fuhst v Foley,* 45 NY2d 441, 445; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314; *Matter of Sasso v Osgood,* 206 AD2d 837). "To demonstrate practical difficulties, an applicant bears the bur-

den of showing 'that strict enforcement of the ordinance will cause him a significant economic injury because, as a practical matter, it will not allow him to utilize his property' " *(Matter of Sasso v Gamble,* 181 AD2d 988, quoting *Sanzone v City of Rome,* 170 AD2d 977, 978, *lv dismissed* 77 NY2d 988; *see also, Cirrito v Zoning Bd. of Appeals,* 197 AD2d 850; *Samon v City of Utica Zoning Bd. of Appeals,* 191 AD2d 1004).

The court properly held that the determination of the ZBA to grant the variances to the Metotts has a rational basis and is supported by substantial evidence *(see, Matter of Doyle v Amster, supra,* at 595-596). Contrary to petitioner's argument, the ZBA was entitled to consider, as a relevant factor in reaching its determination, expenditures made by the Metotts in reliance upon an invalid building permit *(see, Matter of Jayne Estates v Raynor,* 22 NY2d 417, 422; *cf., Matter of Putcha v Beattie,* 129 AD2d 918, 921-922). In light of our determination, we do not address the remaining contentions of petitioner. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Article 78.) Present—Pine, J. P., Lawton, Fallon, Doerr and Davis, JJ.