■ In the Matter of LEE DELAVORE et al., Petitioners, v RICHARD I. SCHEYER, as Chairman of the Board of Zoning Appeals of the Town of Islip, et al., Respondents. [626 NYS2d 260] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Appeals of the Town of

Islip, dated April 13, 1993, which, after a hearing, denied the petitioners' applications for two of four requested area variances.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Initially, we note that the Supreme Court should have disposed of the proceeding on the merits instead of transferring it to this Court (see, Town Law § 267-c [4]). However, this Court will decide the case on the merits in the interest of judicial economy (see, Matter of Cucci v Zoning Bd. of Appeals, 154 AD2d 372).

Upon our review of the record, we find that the respondents' determination was reasonable and rationally based upon substantial evidence. The petitioners' variance requests for their pool deck and fence were correctly denied since they failed to establish that, absent the granting of the variances, they would be unable to utilize their land (see, Matter of Slakoff v Hitchcock, 194 AD2d 613; Matter of Bienstock v Zoning Bd. of Appeals, 187 AD2d 578; Matter of Grando v Town of Islip, 172 AD2d 663; see also, Matter of Fromer v Citrin, 187 AD2d 588). Contrary to the petitioners' contentions, a showing of practical difficulties must still be made to warrant the granting of an area variance. There is no discernible difference between the requirements set forth in Town Law § 267-b (3) (b) and those of the practical difficulty standard (see, Matter of Sasso v Osgood, 206 AD2d 837; Matter of O'Keefe v Donovan, 199 AD2d 681; Matter of Vilardi v Roth, 192 AD2d 662; see also, Matter of Clowry v Town of Pawling, 202 AD2d 663). In any event, upon our review of the record we find that the respondents' determination comports with the statutory standards of the Town Law.

We have reviewed the petitioners' remaining contentions and find them to be without merit. Miller, J. P., Ritter, Pizzuto and Santucci, JJ., concur.