■ In the Matter of RED HOUSE FARM, INC., et al., Petitioners, v ZONING BOARD OF APPEALS OF TOWN OF EAST GREENBUSH et al., Respondents. [650 NYS2d 891] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Rensselaer County) to review a determination of respondent Zoning Board of Appeals of the Town of East Greenbush which, *inter alia*, modified a condition to a use variance previously granted to respondent Communications Software Consultants, Inc.

In 1993, respondent Communications Software Consultants, Inc. (hereinafter Commsoft) applied to respondent Zoning Board of Appeals of the Town of East Greenbush for a use variance permitting it to operate its software development business on a parcel of land in an R-B (residential buffer) zone of the Town of East Greenbush, Rensselaer County. The property consists of approximately 12 acres of land, at that time improved with a large main farm house, a tenant house and a barn. On August 9, 1993, the Board granted the variance subject to the conditions that (1) the variance be restricted to

the main building "and immediate surrounding area", (2) the barn be removed, (3) occupancy be limited to 20 employees "unless site plan approval for [greater] occupancy is obtained", and (4) the granting of the variance be subject to site plan review.

Due to the great success of its business and resulting pressure to expand its workforce, in April 1995 Commsoft applied to the Board for permission to renovate the existing tenant house and to increase the maximum number of employees from 20 to 40. Following a public hearing and subsequent public workshop, on May 22, 1995 the Board rendered a determination (1) interpreting the language "immediate surrounding area" contained in condition No. 1 of the 1993 variance as including the tenant house, the result being that the 20-employee limit would apply to the main building together with the tenant house, and (2) granting a use variance authorizing the renovation of the tenant house and increasing the number of permitted employees to 40, but in existing structures only. Petitioners challenge the Board's determination in this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g) based upon Supreme Court's conclusion that the petition raised a question of substantial evidence.

As a threshold matter, we note that the proceeding was improperly transferred to this Court. Contrary to the general requirement of CPLR 7804 (g), in a CPLR article 78 proceeding challenging a determination of a town board of appeals, Supreme Court is charged with "determining all questions which may be presented for determination" (Town Law § 267-c [4]; *see, Matter of Delavore v Scheyer*, 215 AD2d 478, 479; *Matter of De Blois v Wallace*, 88 AD2d 1073, 1074, n [decided under Town Law former § 267 [7]). Nonetheless, in furtherance of judicial economy, we shall determine the merits of the proceeding.

Petitioners' primary contention is that, in the absence of evidence supporting the four-part test of hardship set forth in Town Law § 267-b (2) (b), the Board's grant of the variance was arbitrary and capricious. We disagree. The requisite showing of hardship was made in connection with Commsoft's 1993 variance application. Although the current application was labeled a variance request, a common-sense view of the matter compels the conclusion that Commsoft really sought and obtained nothing more than an interpretation of the 1993 variance and, once it was determined that the 1993 variance covered the tenant house, a modification to condition No. 3 of the 1993 variance so as to permit occupancy by up to 40 em-

ployees. We agree with Commsoft's contention that a mere increase in the volume of business activity will not of itself require a use variance (*see, Matter of Tartan Oil Corp. v Board of Zoning Appeals*, 213 AD2d 486, 487-488; *compare, Matter of Upper Delaware Ave. Assn. v Fritts*, 124 AD2d 273, *appeal dismissed, lv denied* 69 NY2d 933 [the petitioner sought to expand 5,000-square-foot greenhouses to 18,000 square feet]). Finally, the record supports respondents' assertion that Commsoft obtained the Planning Board approval required by condition No. 3 of the 1993 variance.

Petitioners' remaining contentions have been considered and found unavailing.

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.