OPINION OF THE COURT
William H. Keniry, J.
In 1992 intervenor-respondent Joseph J. O’Hara (hereinafter *384 O’Hara) applied, to respondent Zoning Board of Appeals of the City of Saratoga Springs (hereinafter Board) for a use variance permitting professional offices to be located in a residentially zoned section of the City. The property, located at the corner of Circular Street and Phila Street, had been vacant for many years and was in poor condition. O’Hara’s application was granted subject to conditions, one of which is germane to this proceeding, namely that there was to be “no ingress or egress [from the property] on Circular Street”. O’Hara rehabilitated the building and it has since been occupied by professional offices. The property now has a 17-space parking lot with one driveway for all traffic opening onto Phila Street.
In May 1997, O’Hara applied to the Board for, what was denominated in the application, a use variance to, inter alia, modify the condition to allow a driveway entrance on Circular Street and to increase the size of the parking lot from 17 to 20 spaces. O’Hara proposed that vehicles would enter the property by using the Phila Street driveway and exit from the Circular Street driveway. O’Hara contended that the second driveway was needed for safety reasons pointing out that the Phila Street driveway is a narrow one and does not safely accommodate two-way traffic. O’Hara reported that there have been several minor accidents in the parking lot because of the single driveway and the configuration of the lot and that vehicles have difficulty maneuvering in and out of parking spaces and the lot.
The second driveway proposal is opposed by several adjacent and nearby property owners who argue that permitting another driveway on Circular Street would hamper snow removal, eliminate some on-street parking spaces and cause traffic backups. The opponents contend that O’Hara has failed to demonstrate that a denial of the request would result in unnecessary hardship and further that a decision modifying the condition restricting O’Hara to one driveway would adversely impact the neighborhood. No opposition is being voiced to the proposed increase in the number of on-site parking spaces.
Following a public hearing, the Board, by a 4 to 3 vote, granted the application.
This proceeding was timely commenced against the Board with petitioners principally arguing that O’Hara, who applied for and was granted leave to intervene, failed to satisfy the four-part test of unnecessary hardship required before a use *385 variance can be granted and that the Board’s grant of the variance was therefore arbitrary and capricious.*
The narrow issue before the court entails an analysis of the standard of proof required of an applicant seeking to eliminate a condition imposed upon the issuance of a use variance.
The Board, pursuant to the Zoning Ordinance of the City of Saratoga Springs, has the power in granting a variance to prescribe “any conditions that it deems to be necessary or desirable” (Code of City of Saratoga Springs § 240-14.4 [e]). The Board’s authority is defined in greater detail in General City Law § 81-b (5) as the ability to impose “reasonable conditions and restrictions as are directly related to and incidental to the proposed use of the property” with the caveat that any such condition shall be consistent “with the spirit and intent of the zoning ordinance or local law, and shall be imposed for the purpose of minimizing any adverse impact such variance may have on the neighborhood or community”.
The court, in its research, has uncovered two precedents which deal with applications brought to modify or eliminate conditions imposed upon the granting of a use variance. The first case is Matter of Proskin v Donovan (150 AD2d 937, lv denied 75 NY2d 702). In Proskin, a use variance was granted to allow a law office in a residential zone but the Board imposed many conditions, including a 10-year duration for the variance and forbade any alterations to the building’s exterior design and appearance except as required by ordinary maintenance. After the variance was granted, petitioner contracted to buy the building and immediately applied to the Board to eliminate the condition imposing the time limit. The Board treated the request as one for a rehearing of the original variance application, deleted the 10-year time limitation and reconfirmed the other conditions. Petitioner then began to make renovations to the property and replaced its clapboard siding with a stone *386 granite facade prompting objections from community members and neighbors. The building inspector determined that the condition precluding exterior design and appearance changes had been violated and ordered the facade removed. The Board denied a subsequent request that the condition be modified to allow the stone facade. The Board’s decision was sustained by Special Term.
Petitioner argued on appeal that the Board improperly applied the stringent proof requirements which must be met to support the issuance of a use variance in considering its application to modify the condition as opposed to the less restrictive “practical difficulties test” applied when an area variance is sought. The Appellate Division, Third Department, affirmed the judgment and dismissed the petition. In its opinion the Court stated: “Thus, whether an application to remove or modify a condition in the grant of a use variance is to be adjudged as one for a further use variance, an area variance or simply under the test of reasonableness [citations omitted], the Board’s determination had a rational basis and was supported by substantial evidence and, therefore, cannot be overturned [citation omitted]” (150 AD2d, supra, at 939).
The issue was recently addressed in Matter of Red House Farm v Zoning Bd. of Appeals (234 AD2d 770) wherein a property owner, which had been granted a use variance to operate a business in a residential zone, sought to eliminate a contingency that limited occupancy of the site to 20 employees. The Board modified certain of the original conditions it imposed when the variance was granted and raised the on-site employee limit from 20 to 40. Opponents appealed to the courts principally contending that there was a lack of evidence to establish satisfaction of the four-part unnecessary hardship test. The Appellate Division, Third Department, wrote that “Although the current application was labeled a variance request, a common-sense view of the matter compels the conclusion that [the applicant] really sought and obtained nothing more than an interpretation of the 1993 variance and, once it was determined that the 1993 variance covered the tenant house, a modification to [the] condition * * * so as to permit occupancy by up to 40 employees” (at 771-772). The Court rejected the applicant’s challenge and stated that the hardship showing was only required to have been made when the original variance was granted and not again at the time that a modification of conditions was requested.
This court has reviewed the record of the proceeding before the Board. The Board correctly determined that the applica *387 tion, in reality, was not one for a use variance but rather was a request for the Board to modify a previously imposed condition. The present use of the building did not change since 1992. The site is occupied only by professional offices. Thus the “commonsense approach” should prevail and the standard of review distills to assessing whether or not the Board acted in a reasonable manner when it modified the earlier imposed condition to allow a second driveway to be located on Circular Street.
“Local zoning boards are vested with a great deal of discretion in considering applications for variances [citation omitted]. The duty of a court is to review zoning determinations, not make them” (Matter of Nash v Denison, 175 AD2d 436, 437). The court is limited to reviewing whether the Board’s determination has a rational basis and is supported by substantial evidence.
In this case, the applicant satisfied a majority of the Board that the one-driveway limit created an on-site safety problem and that allowing a second driveway to be installed would not be detrimental to the neighborhood. The court may not substitute its judgment for that of the Board since the Board’s decision is supported by substantial evidence and therefore is reasonable, rationally based and not arbitrary and capricious.
The petition is accordingly dismissed, without costs.

 Section 240-14.A (2) of the Zoning Ordinance of the City of Saratoga Springs defines the standard for granting a use variance as being “whether unnecessary hardship has been shown by the applicant, if strict application of the Zoning Ordinance is not varied” and further requires satisfaction of the following four points:
(1) The applicant cannot realize a reasonable return, provided that lack of return is substantial as demonstrated by competent financial evidence.
(2) The alleged hardship relating to the property in question is unique and does not apply to a substantial portion of the district or neighborhood.
(3) The requested use variance, if granted, will not alter the essential character of the neighborhood.
(4) The alleged hardship has not been self-created.