■ In the Matter of IZA LAND MANAGEMENT, INC., Petitioner, v TOWN OF CLIFTON PARK ZONING BOARD OF APPEALS et al., Respondents. [691 NYS2d 613] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondent Town of Clifton Park Zoning Board of Appeals which interpreted the Town of Clifton Park Zoning Code so as to exclude petitioner's proposed regional solid waste transfer facility from a use permitted in a light industrial zone.

Petitioner proposed to establish a regional solid waste transfer facility (hereinafter the project) on a 15-acre parcel of real property situated in the light industrial zone (unshaded portion) of the Town of Clifton Park, Saratoga County (hereinafter the zone). Under petitioner's proposal, up to 500 tons of mixed solid waste was to be trucked to the facility each day, deposited on a tipping floor, compacted, containerized and then removed from the site by rail. The facility was to consist of a building for operations and administration, a solid waste management structure for processing and transferring the solid waste, a control structure or scalehouse, and associated parking areas, roadways and railways. The Town Department of Building and Development made an initial determination that petitioner's proposed use was not permitted in the zone and, upon administrative appeal, respondent Town Zoning Board of Appeals (hereinafter the ZBA) affirmed. This combined CPLR article 78 proceeding and action for a declaratory judgment ensued. Supreme Court permitted respondent Thomas J. McGuire, who lives in close proximity to the project, to intervene and then, concluding that the pleadings raised the substantial evidence issue, transferred the proceeding to this Court pursuant to CPLR 7804 (g).

As a preliminary matter, we note that the parties are quite correct in their unanimous view that Supreme Court improperly transferred the proceeding to this Court. First, as properly contended by petitioner, no substantial evidence issue has been

raised by the pleadings. In a CPLR article 78 proceeding brought to contest an appeals board's interpretation of a zoning regulation, the applicable standard of review is whether the interpretation is unreasonable or irrational (*see, Matter of KMO-361 Realty Assocs. v Davies*, 204 AD2d 547, *lv denied* 84 NY2d 811). Second, even if the substantial evidence issue had been raised, Town Law § 267-c (4) specifically authorized Supreme Court to resolve it, notwithstanding the contrary general provision of CPLR 7804 (g) (*see, Matter of Red House Farm v Zoning Bd. of Appeals*, 234 AD2d 770, 771). Consistent with our prior practice, however, we shall determine the merits of the proceeding (*see, id.*).

Town of Clifton Park Zoning Code § 208-62 provides: "The primary purpose of the Light Industrial District LI is to permit light manufacturing, processing, assembly and fabrication facilities, wholesale warehouses and storage facilities and research, development and laboratory facilities. This district is primarily for selective industries whose activities do not adversely impact the environment or quality of life of the residents of the town or create an impact which is injurious to the public health, safety or general welfare of the residents or property owners of the Town of Clifton Park. Accordingly, due to the potential adverse and/or harmful impact of heavy industrial uses, such uses are explicitly excluded from this district." Town of Clifton Park Zoning Code § 208-64 (A) identifies the uses that are permitted within the zone. Even those uses are subject to delineated district regulations and performance standards relative to, among others, noise, discharges of toxic or noxious matter, and odor (*see*, Town of Clifton Park Zoning Code § 208-64 [A] [1]; [D], [F]). None of the permitted uses includes the handling or processing of waste products, and petitioner makes no claim that its proposed use falls within any of the permitted uses. Town of Clifton Park Zoning Code § 208-64 (C) contains a list of 29 prohibited uses which, although not all-inclusive, represent "examples and uses which do not meet the intended purpose of this zone and are therefore prohibited". Of the prohibited uses, the following two have arguable relevance to petitioner's project:

"(13) Rendering or reduction of fats, tallow, grease, lard or any organic material, including garbage, offal, dead animals of any kind or refuse of any kind * * *

"(29) Any other use which produces objectionable noise, dust, vibrations, noxious fumes, smoke or odors, all as defined below" (Town of Clifton Park Zoning Code § 208-64 [C]).

In its decision, the ZBA (1) determined that the proposed

activities of solid waste delivery, transfer, and recycling are not consistent with the purpose of the zone, (2) credited testimony given by the drafter of the Zoning Code as to the intended meaning of the words "rendering" and "reduction" and concluded that the proposed use fell within prohibited use No. 13 as set forth above, (3) concluded that, based upon the scope and nature of the project, the proposed use is similar to activities described in the list of explicitly prohibited uses and is more consistent with the list of examples of prohibited uses than with those that are permitted, and (4) concluded that, based upon air quality, odor and noise impacts, the project would violate the performance standards applicable even to permitted uses.

In our view, the ZBA's determination is by no means unreasonable or irrational. Although we are in essential accord with petitioner's criticism of the "opinion" rendered by the purported drafter of the Town of Clifton Park Zoning Code and agree that petitioner's use does not fall within prohibited use No. 13, there can be no serious question that the proposed use does not fall within any of the permitted uses and that its overall nature and reasonably anticipated impacts bring it far outside the regulatory criteria of "selective industries whose activities do not adversely impact the environment or quality of life of the residents of the town or create an impact which is injurious to the public health, safety or general welfare of [its] residents or property owners" (Town of Clifton Park Zoning Code § 208-62).

Petitioner's remaining contentions have been considered and found to be unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, with costs, and petition dismissed.