■ In the Matter of MARK L. JACKSON, Appellant, v ZONING BOARD OF APPEALS OF CITY OF LONG BEACH et al., Respondents. [703 NYS2d 521] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Long Beach, dated June 4, 1998, which, after a hearing, granted the respondent David Stewart's application to modify a condition imposed on a use variance, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (O'Connell, J.), dated December 1, 1998, as dismissed their petition on the grounds that (1) General City Law § 81-a (12) was inapplicable, and (2) the respondent David Stewart was not required to establish the elements of statutory hardship necessary for a use variance. The appeal brings up for review so much of an order of the same court, entered March 17, 1999, as, upon reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the judgment is dismissed, as that judgment was superseded by the order entered March 17, 1999, made upon reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

In 1992, the respondent David Stewart was granted a use variance by the respondent Zoning Board of Appeals of the City of Long Beach which enabled him to convert a two-family dwelling into a one-family dwelling with a dental office situated on the main level. As a condition of the variance, Stewart was required to reside at the premises on a permanent basis. Approximately six years later, Stewart, wishing to move to a larger home and rent the second-floor residence, applied to the Zoning Board for elimination and/or modification of the residency condition. Upon finding the existence of a "sufficient reason", the Zoning Board granted his application.

Contrary to the petitioners' contention, Stewart was not required to satisfy the four-part test of hardship which is necessary for obtaining a use variance (*see,* Town Law § 267-b [2]; Village Law § 7-712-b [2]; General City Law § 81-b [3]). An examination of Stewart's application compels the conclusion that, rather than seeking a use variance, Stewart sought only to modify .a previously-imposed condition (*see, Matter of Red House Farm v Zoning Bd. of Appeals,* 234 AD2d 770; *Miller v Zoning Bd. of Appeals,* 176 Misc 2d 383). Accordingly, despite the lack of evidence supporting the statutory hardship requirements, the Supreme Court properly upheld the Zoning Board's determination on the ground that it had a rational basis and was supported by substantial evidence (*see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702).

The petitioners' remaining contentions are without merit. Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.