[746 NYS2d 506]

In the Matter of Jack Cohen, Respondent, v Board of Appeals of the Village of Saddle Rock, Appellant.

Second Department, August 26, 2002

APPEARANCES OF COUNSEL

*Meyer, Suozzi, English & Klein, P.C.,* Mineola (*A. Thomas Levin* and *Jayson J.R. Choi* of counsel), for appellant.

*Sylvor & Richman, LLP,* New York City (*Iris S. Richman* of counsel), for respondent.

## OPINION OF THE COURT

SANTUCCI, J.

On this appeal we consider the question of whether, upon an application for an area variance, the "practical difficulty" standard set forth in the Code of the Village of Saddle Rock (hereinafter the Village Code) is preempted by the statutory criteria expressed in Village Law § 7-712-b (3). For the reasons set forth below, we conclude that the question should be answered in the affirmative and that Village Law § 7-712-b (3) is the controlling statute.

*The Facts*

In 1999, the petitioner, Jack Cohen, applied to the Village of Saddle Rock Building Inspector (hereinafter the Building Inspector) for building permits to construct a single-family residence on an unimproved parcel of waterfront property. The Building Inspector denied the application on the ground that it violated provisions of the Village Code. Thereafter, the petitioner appealed to the Board of Appeals claiming that he was entitled either to the building permits as of right, or, alternatively, area variances. After a hearing, during which neighbors complained that the proposed home would block their water views across the unimproved parcel, the Board of Appeals sustained the denial. In doing so, the Board of Appeals applied the Village Code standard, as opposed to the Village Law standard, for area variances, and specifically found that the petitioner failed to demonstrate "practical difficulty or unnecessary hardships in the way of carrying out the provisions" of the Village's zoning regulation (Village Code § 150-24 [B]).

The petitioner then commenced a proceeding pursuant to CPLR article 78 to review and annul the determination of the

Board of Appeals. In addition to maintaining his entitlement to a building permit or area variances, as of right, the petitioner contended that the standard for area variances applied by the Board of Appeals was preempted by the standard set forth in the Village Law. The Supreme Court agreed with the latter contention, did not make any findings with respect to the merits of the Board of Appeals' determination, invalidated the Village Code standard for area variances, and remitted the matter to the Board of Appeals for a new determination consistent with Village Law § 7-712-b (3). The Board of Appeals now appeals.

*The Law*

Under Village Law § 7-712-b (3) (b), a zoning board of appeals, when making its determination whether to grant an area variance, must take into consideration

> "the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant. In making such determination the board shall also consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance."

However, pursuant to Village Code § 150-24, Village Law § 7-712-b (3) (b) was "repealed and superseded* in [its] application to the Village of Saddle Rock" and replaced by a provision which, inter alia, stated that "the Board of Appeals may grant

---

* It should be noted that while the Municipal Home Rule Law empowers a locality to adopt local laws which are not inconsistent with general laws, the Village of Saddle Rock lacked the power to "repeal" a general statewide statute. However, it is not necessary to reach this issue on this appeal.

an area or dimensional variance from the zoning regulations contained in this chapter only upon a showing of practical difficulty or unnecessary hardships in the way of carrying out the provisions of such regulations."

An analysis of the legislative history leading to the passage of Village Law § 7-712-b indicates that it was intended "to incorporate and standardize the universally acknowledged concepts of 'use' and 'area' variances in the statute" (Counsel to Governor, Bill Jacket, L 1991, ch 692, at 19). Before the 1993 enactment of this legislation, the criteria which had to be demonstrated in order to establish entitlement to an area variance was clouded by uncertainty. For example, in *Matter of Bienstock v Zoning Bd. of Appeals of Town of E. Hampton* (187 AD2d 578, 579) this Court stated:

> "It is incumbent upon an applicant for an area variance to demonstrate that ' "strict compliance with the zoning ordinance will result in practical difficulties" ' (*Matter of Fuhst v Foley,* [45 NY2d 441, 445;] *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). While *there is no precise definition of the term 'practical difficulties',* in general, the 'petitioner must show that as a practical matter he cannot utilize his property or a structure located thereon "without coming into conflict with certain of the restrictions of the zoning ordinance" ' (*Matter of Fuhst v Foley,* [45 NY2d 441,] 445)" (emphasis supplied).

This lack of "precise definition" for the practical difficulty standard led to amorphous descriptions of the required area variance criteria. Consequently, there resulted contradictory case law and confusion among applicants as well as zoning boards of appeal (*see Matter of Fulling v Palumbo,* 21 NY2d 30; *Matter of Friendly Ice Cream Corp. v Barrett,* 106 AD2d 748; *Human Dev. Servs. of Port Chester v Zoning Bd. of Appeals of Vil. of Port Chester,* 110 AD2d 135, *affd* 67 NY2d 702; *Matter of Salierno v Briggs,* 141 AD2d 547; *Matter of Vilardi v Roth,* 192 AD2d 662).

As stated in a July 12, 1991, memorandum from James Baldwin, Executive Deputy Secretary of State, to Honorable Elizabeth D. Moore, Counsel to the Governor, prior to passage of the statute:

> "The rules governing the granting of area variances that have been established by the courts are not

nearly as clear as those governing use variances, and the result has been a great deal of confusion by boards of appeals, with a high degree of potential exposure to litigation. The new Town Law, section 267-b (3) and Village Law, section 7-712-b (3) resolve this problem by establishing a statutory test for the issuance of area variances which is flexible and which incorporates what we believe are the best features of the court decisions in order to protect the community." (Mem of Executive Deputy Secretary of State James Baldwin, Bill Jacket, L 1991, ch 692, at 26.)

Nevertheless, despite the passage of Village Law § 7-712-b and its corollary legislation, Town Law § 267, the "practical difficulty" standard was still held to be the applicable criteria for area variance applications (*Matter of Delavore v Scheyer,* 215 AD2d 478; *Matter of O'Keefe v Donovan,* 199 AD2d 681; *Matter of Vilardi v Roth,* 192 AD2d 662). Finally, in the 1995 case of *Matter of Sasso v Osgood* (86 NY2d 374), the Court of Appeals determined that an area variance applicant need not demonstrate "practical difficulties." Instead, the Court held that after considering the enumerated statutory criteria, a board must balance the competing equities in assessing the appropriateness of relief.

It would thus appear that a Village which seeks to retain the "practical difficulties" standard would otherwise be precluded from doing so under *Matter of Sasso v Osgood (supra).* However, against this backdrop is Municipal Home Rule Law § 10 (1) (ii) (e) (3), which provides:

"[E]very local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government * * * A village * * * The amendment or supersession in its application to it, of any provision of the village law relating to the property, affairs or government of the village or to other matters in relation to which and to the extent to which

it is authorized to adopt local law by this section, notwithstanding that such provision is a general law, unless the legislature expressly shall have prohibited the adoption of such a local law."

Here, the Village Law codifications of the standard for area variances do not contain any explicit language precluding a Village from adopting a different standard, such as that contained in Village Code § 150-24 (B). Thus, the appellant maintains that the Village standard was properly enacted and that the Village was not precluded from applying it to applications for area variances.

However, by enacting Village Law § 7-712-b, the Legislature expressed a desire to preempt the entire field of area variances, thereby precluding a Village from enacting its own standard. In *Incorporated Vil. of Nyack v Daytop Vil.* (78 NY2d 500, 505), the Court of Appeals described the preemption doctrine as follows:

"Where the State has demonstrated its intent to preempt an entire field and preclude any further local regulation, local law regulating the same subject matter is considered inconsistent and will not be given effect * * * This finding of preemption is justified by the belief that [s]uch laws, were they permitted to operate in a field preempted by State law, would tend to inhibit the operation of the State's general law and thereby thwart the operation of the State's overriding policy concerns * * * The Legislature's intent to so preempt a particular area can be inferred from a declaration of policy or from a comprehensive or detailed scheme in a given area * * * [T]hat the State and local laws touch upon the same area is insufficient to support a determination that the State has preempted the entire field of regulation in a given area." (Internal quotation marks omitted.)

Moreover, in *Albany Area Bldrs. Assn. v Town of Guilderland* (74 NY2d 372, 376-377), the Court of Appeals stated the long-standing rule that notwithstanding the Municipal Home Rule Law, a local government's superseding and amending powers under the preemption doctrine represent a fundamental limitation on the "home rule powers" of a municipality. This is especially true where the State's intent to preempt, although not explicit, is evident through its enactment of a comprehensive and detailed regulatory scheme in the same field as the lo-

cal law. Here, by codifying and enacting a comprehensive standard for area variances, in the explicit effort to eliminate confusion and inconsistent case law, the State clearly evinced an intent to preclude the enactment of conflicting local law (*see Matter of Sasso v Osgood, supra*).

Therefore, the Supreme Court correctly held that the Village of Saddle Rock Board of Appeals applied the wrong standard in determining the petitioner's area variance application. Since the determination was affected by error of law, the matter was appropriately remitted to the Board of Appeals of the Village of Saddle Rock for new determinations consistent with the criteria set forth in Village Law § 7-712-b (3).

Accordingly, the amended order is affirmed.

In light of these determinations, it is unnecessary to consider the appellant's remaining contentions.

ALTMAN, FLORIO and GOLDSTEIN, JJ., concur.

Ordered that on the Court's own motion, the notices of appeal from the order and the amended order are treated as applications for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [b] [1]; [c]); and it is further,

Ordered that the appeal from the order is dismissed, as the order was superseded by the amended order; and it is further,

Ordered that the amended order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.