■ In the Matter of PDH PROPERTIES, LLC, Petitioner, v PLANNING BOARD OF THE TOWN OF MILTON et al., Respondents. [748 NYS2d 193] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondent Planning Board of the Town of Milton which denied petitioner's application for a special use permit.

Petitioner applied to respondent Planning Board of the Town of Milton (hereinafter the Board) for a special use permit to construct two 10-unit apartment buildings on a five-acre parcel on Hutchins Road in the Town of Milton, Saratoga County. Public hearings were held regarding the proposed project in November 1999 and January 2000. While a handful of neighbors supported the project at the hearings, a large contingency appeared in opposition. By a split vote, the Board denied the application and petitioner then commenced a CPLR article 78 proceeding. Supreme Court found that the Board's decision was improperly based on conclusory statements and remitted the matter to the Board to "establish conditions for the issuance of the permit, or to deny the application with specific findings."

The Board reviewed the matter again in October 2000 and, although it did not consider new evidence, each member of the Board set forth in more detail the reasons for his or her vote. The Board again defeated the application by a divided vote and petitioner commenced a second CPLR article 78 proceeding. Supreme Court consolidated the two proceedings, granted a motion permitting intervention by various individuals who opposed the apartments and then transferred the matter to this Court for a determination of whether substantial evidence supported the Board's decision.

Initially, we note that the proceeding was improperly transferred to this Court. When a planning board's ruling regarding a special use permit is challenged, the general requirement of CPLR 7804 (g) gives way to specific statutory language authorizing Supreme Court to "determin[e] all questions" (Town Law § 274-b [9]; *see* Town Law § 267-c [4]), which includes substantial evidence issues (*see Matter of Iza Land Mgt. v Town of Clifton Park Zoning Bd. of Appeals*, 262 AD2d 760, 761). We nevertheless will address the merits of the proceeding in the interest of judicial economy (*see Matter of Red House Farm v Zoning Bd. of Appeals of Town of E. Greenbush*, 234 AD2d 770, 771).

The fact that a use is permitted by an ordinance constitutes a legislative determination that the use is consistent with the general zoning plan and will not adversely affect the neighborhood (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195; *Matter of Robert Lee Realty Co. v Village of Spring Val.*, 61 NY2d 892, 893). The applicant must establish compliance with the conditions legislatively imposed upon the permitted use (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hemp-*

*stead, supra* at 195) and the failure to meet a condition can provide a basis for denying the application (*see Matter of Wegmans Enters. v Lansing*, 72 NY2d 1000, 1001). The local board charged with reviewing special use applications, while not divested of all discretion, must nevertheless base a denial upon proof pertinent to the legislative conditions and not merely upon generalized community objections (*see Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d 1000, 1002). If the local board's determination is supported by substantial evidence, it must be upheld even if substantial evidence supports a contrary conclusion (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, supra* at 196).

Town of Milton Zoning Code § 180-42 (B) authorizes apartment buildings in the area that petitioner seeks to develop provided, inter alia, the development occurs on a minimum of four acres, maximum density does not exceed four units per acre for the first 24 units, maximum number of units does not exceed 60 and the number of units within a particular structure does not exceed 12. Petitioner established its compliance with such conditions via its submission of an environmental assessment, engineering site plans and drawings of the proposed buildings. Additional considerations that are applicable to any special use permit are set forth in Town of Milton Zoning Code § 180-41 and include that the development is orderly and in harmony with the adjacent area, that the nature of the development does not impair surrounding property values, and that the streets and parking are adequate. Petitioner established that there are other apartment buildings in the general vicinity and, in response to public concern, petitioner made changes to the design of the complex to make it appear more residential. The real estate report offered by petitioner referenced another apartment development near single family homes in the town and included information indicating no appreciable effect on value. A traffic study submitted by petitioner reflected traffic volumes on Hutchins Road that were considerably less than similar roads in the town and the study concluded that the apartment project would have no noticeable impact on traffic.

The record reflects that petitioner established compliance with the conditions for a special use permit and, thus, the special use permit must be granted unless there is substantial evidence supporting a contrary conclusion regarding the pertinent conditions (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 196, *supra*). The Board members who voted against the application expressed a general distaste for apartments in the relevant

area of the town. No evidence was provided, other than conclusory comments, specifically establishing any factual base to find noncompliance with a pertinent condition. For example, one Board member stated that "the height of the buildings would not be in harmony with the neighborhood." Yet, there is no indication of the height of surrounding buildings and, thus, no standard by which to gauge how the proposed two-story building would be offensive to the neighborhood. Another member merely opined, "It doesn't fit the neighborhood." While a nearby resident who is a realtor wrote a letter expressing concern about the impact on the value of surrounding homes, the letter was totally conclusory with no reference to any substantiating empirical data. Based upon the record before this Court, we are constrained to conclude that substantial evidence does not support the Board's determination.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted.