In the Matter of STONE LANDING CORP., Appellants, v BOARD OF APPEALS OF THE VILLAGE OF AMITYVILLE et al., Respondents. [773 NYS2d 103]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Village of Amityville dated August 12, 2002, which, after a hearing, denied the petitioners' application for several area variances and a special exception permit, the appeal is from a judgment of the Supreme Court, Suffolk County (Emerson, J.), dated February 5, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the Board of Appeals of the Village of Amityville for a new determination, in accordance herewith.

The petitioners applied for several area variances and a special exception permit in connection with the subdivision of one parcel into two smaller lots, the erection of a single-family dwelling on one of the new lots, and the maintenance of an existing two-family dwelling on the other. The Board of Appeals of the Village of Amityville (hereinafter the Board) denied the application, in part upon a finding that "[t]here was no showing of financial hardship or practical difficulty on behalf of either the applicant or the current owner." The petitioners commenced this proceeding pursuant to CPLR article 78 to annul the Board's determination and compel it to issue the variances and special exception permit. The Supreme Court denied the petition and dismissed the proceeding. We reverse and remit the matter to the Board for a new determination, in accordance herewith.

"Broad discretion is vested in local zoning boards in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Ceballos v Zoning Bd. of Appeals of Town of Mount Pleasant*, 304 AD2d 575, 575 [2003]). In passing on an application for an area variance, a village zoning board is required to "take into consideration the benefit to the applicant if the variance is granted, as weighed

against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (Village Law § 7-712-b [3] [b]). "In making such determination the board shall also consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Village Law § 7-712-b [3] [b]).

Village Law § 7-712-b [3] [b] preempts any inconsistent local zoning ordinance, including those, such as that enacted by the Village of Amityville, which permit or require a zoning board to consider whether an applicant for an area variance has shown that it would suffer practical difficulties or financial hardship if the variance were denied (*see Matter of Cohen v Board of Appeals of Vil. of Saddle Rock,* 100 NY2d 395, 402 [2003]). Moreover, contrary to the requirements articulated in the Code of the Village of Amityville § 183-43 (E), an applicant for a special exception permit need not show financial hardship or practical difficulties, but only that its application meets objective criteria articulated in the zoning ordinance, subject to reasonable conditions as a zoning board may impose that are rationally related to the salutary purposes of the ordinance (*see Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028, 1029 [1977]; Village Law § 7-725-b). Because the Board based its determination to deny both the special exception permit and the area variances in part on the petitioners' failure to demonstrate practical difficulties or financial hardship, it relied upon inappropriate factors, and its determination is thus irrational and an abuse of discretion (*see Matter of Cohen v Board of Appeals of Vil. of Saddle Rock, supra; Matter of Pleasant Val. Home Constr. v Van Wagner, supra*).

Judicial review of an administrative determination is limited to the grounds invoked by the agency in making its decision (*see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 758 [1991]; *Matter of Aronsky v Board of Educ., Community School Dist. No. 22 of City of N.Y.,* 75 NY2d 997, 1000 [1990]). Where the grounds relied upon by the agency

are " 'inadequate or improper,' " a reviewing court is " 'powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis' " (*Matter of Montauk Improvement v Proccacino,* 41 NY2d 913, 913 [1977], quoting *Securities & Exch. Commn. v Chenery Corp.,* 332 US 194, 196 [1947]; *see also Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., supra* at 758). We are thus constrained to remit the matter to the Board for a new determination on the petitioners' application in light of the appropriate factors and standards, as set forth in this decision and order and the Village Law (*see Matter of Cohen v Board of Appeals of Vil. of Saddle Rock,* 297 AD2d 38, 40 [2002], *affd* 100 NY2d 395 [2003]; *Matter of Russo v Black,* 297 AD2d 381 [2002], *affd sub nom. Matter of Cohen v Board of Appeals of Vil. of Saddle Rock,* 100 NY2d 395 [2003]; *Matter of Concerned Citizens of Montauk v Lester,* 62 AD2d 171, 175 [1978]).

We do not reach the petitioners' other contentions, and express no opinion as to whether the Board's determination is sustainable on other grounds. S. Miller, J.P., Luciano, Adams and Cozier, JJ., concur.