■ In the Matter of DAVID BATTAGLIA, Petitioner, v REBECCA H. CORT, as Deputy Commissioner of Office of Vocational and Educational Services for Individuals with Disabilities of New York State Education Department, Respondent. [853 NYS2d 787]—

It is hereby ordered that the determination is unanimously annulled on the law without costs and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of the Hearing Officer affirming respondent's decision denying his application for increased funding on the ground that it is not supported by substantial evidence (*see* CPLR 7803 [4]). Respondent concedes that the Hearing Officer misconstrued both respondent's policy with respect to vocational rehabilitation services for persons seeking to be self-employed and petitioner's request for relief pursuant to that policy. We note in addition that the Hearing Officer issued his determination prior to the deadline for the parties' submissions of legal memoranda and therefore did not have the benefit of those submissions. "[A] reviewing court, in dealing with a determination . . . [that] an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis" (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991] [internal quotation marks omitted]; *see Matter of Montauk Improvement v Proccacino*, 41 NY2d 913 [1977]; *Matter of Stone Landing Corp. v Board of Appeals of Vil. of Amityville*, 5 AD3d 496, 497-498 [2004]). We therefore annul the determination and remit the matter to respondent for the Hearing Officer to make a new determination on the same evidence based upon respondent's policy with respect to vocational rehabilitation services for persons seeking to be self-employed and petitioner's request for relief pursuant to that policy and after receipt and consideration of legal memoranda. Present—Scudder, P.J., Martoche, Peradotto, Pine and Gorski, JJ.