■ PROPERTY CLERK OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Petitioners, v HARRISON BROWN et al., Respondents. [870 NYS2d 343]—

Determination of respondent New York City Office of Administrative Trials and Hearings (OATH), dated July 12, 2007, which, after a postseizure vehicle retention hearing, directed the release of respondent Brown's vehicle, annulled, on the law, without costs, the petition in this CPLR article 78 proceeding (transferred to this Court by order of Supreme Court, New York County [Martin Shulman, J.], entered on or about September 5, 2007), granted, and petitioners directed to impound the vehicle seized incident to Brown's arrest pending the outcome of the forfeiture procedure.

OATH's determination was not supported by substantial evidence. The evidence at the hearing held pursuant to *Krimstock v Kelly* (306 F3d 40 [2d Cir 2002], *cert denied* 539 US 969 [2003]), established that Brown committed a drug-related offense from the subject vehicle less than 1,000 feet from a public school, and that he had an extensive history of arrests and felony convictions. Under the circumstances, we agree with the findings that petitioners established that probable cause existed for the arrest of Brown, and that it is likely that they will prevail in the forfeiture action (*see e.g. County of Nassau v Canavan*, 1 NY3d 134, 144 [2003]). Contrary to the administrative determination, we find petitioners established that continued impoundment of the vehicle was necessary (*id.*). Brown's criminal history and general lawlessness reveal a heightened risk to the public safety were the subject vehicle released to him. Concur— Lippman, P.J., Mazzarelli and Buckley, JJ.

McGuire and DeGrasse, JJ., dissent in part in a memorandum by McGuire, J., as follows: In my view, the Administrative Law Judge (ALJ) applied the wrong standard in evaluating the third element of the test for determining whether a police department may retain possession of a vehicle pending the determination of a civil forfeiture proceeding regarding that vehicle (*Krimstock v Kelly*, 506 F Supp 2d 249, 252 [SD NY 2007]; *see also Property Clerk of Police Dept. of City of N.Y. v Harris*, 9 NY3d 237, 241 n 3 [2007]). Accordingly, I would grant the police department's petition to annul the ALJ's determination that the department did not satisfy that test (and the concomitant directive to the department to return the vehicle to respondent Brown) to the extent of remanding the matter to the Office of Administrative Trials and Hearings for further proceedings on the issue of the third element.

Respondent Brown's vehicle was seized by officers of the New York City Police Department after Brown was arrested for selling a controlled substance near a school. The vehicle was seized as an instrumentality of a crime (Administrative Code of City of NY § 14-140), and Brown was served with a "Notice of Right to a Retention Hearing" by the police department. The notice stated: "The retention hearing will provide you with an opportunity to be heard either yourself or through your attorney with respect to three issues: (1) whether probable cause existed for the arrest [of] the vehicle operator; (2) whether it is likely that the City will prevail in an action to forfeit the vehicle; and (3) *whether it is necessary that the vehicle remain impounded in order to ensure it's [sic] availability for a judgment of forfeiture*" (emphasis added).

Following the evidentiary hearing, the ALJ issued a written decision in which she concluded that the police department had established, by a preponderance of the evidence adduced at the hearing, that the police had probable cause to arrest Brown and that the department was likely to succeed in the civil forfeiture action. The ALJ, however, stated that "[t]o satisfy the third prong, the Department must prove that [Brown] poses a heightened risk to the public if his vehicle is returned to him," and concluded that, despite his "substantial criminal history" and that the vehicle was "used to facilitate the crime for which he was arrested," the police department failed to demonstrate, by a preponderance of the evidence, "a heightened risk to the public of releasing the vehicle to [Brown] pending the civil forfeiture action." The police department subsequently commenced this CPLR article 78 proceeding to annul the ALJ's determination, claiming that her conclusion that the department failed to satisfy the third element of the *Krimstock* test was not supported by substantial evidence.

Where, as here, the police seize a vehicle because it was an instrumentality of a crime, the police must provide certain persons, including the owner of the vehicle, with a "prompt retention hearing" "to test the probable validity of continued deprivation of the[ ] vehicle[ ]" (*Krimstock*, 306 F3d 40, 69 [2d Cir 2002]). "At that '*Krimstock* hearing,' [the] NYPD has the burden to prove, by a preponderance of the evidence, that a) probable cause existed for the arrest of the vehicle's operator, b) it is likely the City would prevail in an action to forfeit the vehicle, and c) it is necessary that the vehicle remain impounded in order to ensure its availability in the eventual civil forfeiture action" (*Krimstock*, 506 F Supp 2d at 252; *see Harris*, 9 NY3d at 241 n 3; *see also County of Nassau v Canavan*, 1 NY3d 134, 144-145 [2003] ["due process requires that a prompt post-seizure retention hearing before a neutral magistrate be afforded, with adequate notice, to all defendants whose cars are seized and held for possible forfeiture. At such a hearing, the County must establish that probable cause existed for the defendant's initial warrantless arrest, that it is likely to succeed on the merits of the forfeiture action, and that retention is necessary to preserve the vehicle from destruction or sale during the pendency of the proceeding" (footnote omitted)]).

Nowhere in her written decision did the ALJ acknowledge that the third element of *Krimstock* required the police department to establish, by a preponderance of the evidence, that "it is necessary that the vehicle remain impounded in order to ensure its availability in the eventual civil forfeiture action";

rather, the ALJ repeatedly stated that the third element required the department to establish that "[Brown] poses a heightened risk to the public if his vehicle is returned to him." Obviously, there is a significant difference between what is actually required under the third element of *Krimstock* and what the ALJ determined must be shown under that element.

Our function in a CPLR article 78 proceeding challenging an administrative determination made after a hearing required by law is to ascertain whether that determination is supported by substantial evidence (CPLR 7803 [4]). However, "[w]here the grounds relied upon by the agency are inadequate or improper, a reviewing court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis[, and the court is] constrained to remit the matter to the [agency] for a new determination . . . in light of the appropriate factors and standards" (*Matter of Stone Landing Corp. v Board of Appeals of Vil. of Amityville*, 5 AD3d 496, 497-498 [2004]; *see Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 297 AD2d 38 [2002], *affd* 100 NY2d 395 [2003]; *see also* CPLR 7803 [3] [court may vacate administrative determination that "was affected by an error of law"]). Given the ALJ's failure to consider the correct standard under the third element of *Krimstock*, we are, in my view, precluded from exercising our proper role of ascertaining whether her determination is supported by substantial evidence.

Accordingly, I would grant the petition to the extent of remanding the matter to the ALJ for further proceedings on the issue of the third element of *Krimstock* and a new determination.